## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Robert Edward Maloney, Jr.,

    Defendant.

Case No. 20-cr-194(3) (DSD/DTS)

**REPORT AND RECOMMENDATION**

    Robert Edward Maloney, Jr. is charged with conspiracy to distribute methamphetamine. Superseding Indictment, Docket No. 53. He moves to suppress evidence obtained as a result of searches and seizures pursuant to nine search warrants. Docket No. 135. For the reasons stated below, the Court recommends his motion be denied.

    Maloney challenges the following search warrants:

Gov't Ex. 1:   Warrant for Tracking Device — Feb. 26, 2019 (Beltrami County) (pen register and trap and trace device);

Gov't Ex 2:   Warrant for Tracking Device — Mar. 5, 2019 (Hennepin County) (vehicle);

Gov't Ex. 3:   Warrant for Tracking Device — Mar. 16, 2019 (Beltrami County) (pen register and trap and trace device);

Gov't Ex. 4:   Warrant for Tracking Device — Mar. 22,[1] 2019 (Meeker County) (vehicle);

Gov't Ex. 5:   Search Warrant — Apr. 1, 2019 (Meeker County) (storage unit);

Gov't Ex. 6:   Search Warrant — Apr. 18, 2019 (Nicollet County) (person, residence, vehicle);

---

[1] Maloney's motion says March "27" but the document provided by the Government in Exhibit 4 says March 22, 2019.

Gov't Ex. 7:   Warrant for Tracking Device — Apr. 18, 2019 (Nicollet County) (vehicle);

Gov't Ex. 8:   Search Warrant — Apr. 24, 2019 (Hennepin County) (residence); and

Gov't Ex. 9:   Search Warrant — May 3, 2019 (Beltrami County) (cell phone).

A search warrant is supported by probable cause if, based on the totality of the circumstances set forth in the application and affidavits, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The duty of a reviewing court is simply to ensure that the court issuing the warrant had a substantial basis for concluding that probable cause existed. *Id.* at 238-39.

Maloney requested a "four corners" review of the nine warrants. He asserted generally that the warrants were not supported by probable cause, but he did not identify any facts or allege any particular deficiencies. *See* Motion, Docket No. 135. He did not present evidence or make any arguments on this motion at the June 15, 2021 hearing. The Government opposed the motion as baseless on the ground that Maloney has no standing to challenge the warrants, noting that he did not even make any allegations or arguments to demonstrate standing. Gov't Response 13, Docket No. 142.

Because Fourth Amendment rights are personal rights that may not be asserted vicariously, a person challenging a search must demonstrate a privacy interest in the thing or place searched. *United States v. Anguiano*, 795 F.3d 873, 878 (8th Cir. 2015). When analyzing standing, this Court considers:

> ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

*Id.* (quoting *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994)).

The nine warrants authorized searches, including tracking, of a person (not Maloney) and particularly identified vehicles, residences, a storage unit, and phones. The supporting affidavits describe these places and things as belonging to specifically identified persons other than Maloney. The information before the Court indicates Maloney did not own, lease, live in, use, possess, or control the places or things to be searched. He has offered nothing to support a finding that he had any reasonable expectation of privacy in them. Absent such privacy interest he cannot assert a Fourth Amendment violation. Therefore, the Court recommends his motion to suppress be denied for lack of standing.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Defendant Maloney's Motion for Suppression of Evidence [Docket No. 135] be DENIED.

Dated: July 15, 2021                              ___s/David T. Schultz_____
                                                  DAVID T. SCHULTZ
                                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).