UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-194 (DSD/DTS)

United States of America,

        Plaintiff,

    v.                                  **ORDER**

Robert Edward Maloney, Jr.,

        Defendant.

This matter is before the court upon the pro se motion by defendant Robert Edward Maloney, Jr. to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion as untimely and denies a certificate of appealability.

**BACKGROUND**

On April 8, 2022, a jury convicted Maloney of conspiracy to distribute 50 grams or more of actual methamphetamine.  On November 14, 2022, the court sentenced him to 262 months' imprisonment. Maloney appealed his conviction and sentence.  The Eighth Circuit Court of Appeals affirmed and denied his motion for rehearing en banc on July 26, 2024.  Maloney did not file a petition for certiorari with the United States Supreme Court.  His judgment therefore became

final on October 26, 2024.  On October 29, 2025, Maloney filed this pro se motion under § 2255, arguing that his counsel was constitutionally ineffective.

## DISCUSSION

### I.    Standard of Review

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court.  This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  When considering a § 2255 motion, a court may hold an evidentiary hearing.  See 28 U.S.C. § 2255(b).  A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).  Here, no hearing is required because the record establishes that Maloney's motion is untimely.

Section 2255 motions must be filed within one year of the latest

of:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, there is no dispute that Maloney's judgment of conviction became final on October 26, 2024, the deadline for filing a petition for certiorari.  See Camacho v. Hobbs, 774 F.3d 931, 933 (8th Cir. 2015) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)) ("If a federal prisoner does not file a petition for certiorari with the Supreme Court on direct review, '§ 2255's one-year limitation period starts to run when the time for seeking such review [90 days] expires.'").  There is also no dispute that Maloney placed his 2255 motion in the prison mailing system on October 29, 2025, three days after the deadline.  See ECF No. 394, at 19.  None of the other provisions in § 2255(f) apply to extend the deadline further.  Under

these circumstances, the motion is untimely and will be dismissed without consideration of the merits.  See Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999).

## II.  Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Given the untimeliness of the motion, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside, or correct sentence [ECF No. 394] is denied; and

2.   Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 13, 2026

s/*Paul A. Magnuson* for
David S. Doty, Judge
United States District Court